UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOELY E. JACKSON #220082,          )
                                    )
        Plaintiff,          )  Case No. 2:09-cv-98
                                    )
v.                                  )  Honorable R. Allan Edgar
                                    )
BOB HOLM, et al.,                   )
                                    )
        Defendants.         )
_____)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Wallis and Lacount. The Court will serve the complaint against Defendant Holm.

**Discussion**

I.  Factual allegations

Plaintiff Joely E. Jackson #220082, an inmate at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Food Service Supervisor Bob Holm, Level 5 Classification Director Jim Wallis, and Assistant Resident Unit Supervisor Chad Lacount, all of whom are employed at the Marquette Branch Prison (MBP).

In his complaint, Plaintiff alleges in May of 2006, Plaintiff was confined at MBP and had a job in food services. Plaintiff states that on October 2, 2006, he was eating his meal with the other inmates, which consisted of hot dogs. When Plaintiff walked through the line, Defendant Holm stated, "Jackson you can swallow those dogs whole can't you?" Plaintiff responded that Defendant Holm's comment constituted sexual harassment. Defendant Holm told Plaintiff that he was only joking, and warned Plaintiff that if he wished to keep his job, he would stop the "sexual harassment bullshit." Defendant Holm later attempted to convince Plaintiff not to file a grievance, stating again that he had just been joking. Plaintiff responded that he was writing the grievance. Defendant Holm then instructed Plaintiff to empty his pockets and escorted Plaintiff back to the kitchen, where he notified the Corrections Officer that he was sending Plaintiff back to his cell with a misconduct ticket. Defendant Holm then ordered that Plaintiff was to be laid off his job pending the decision on the misconduct ticket for disobeying a direct order and insolence.

In the misconduct report, Defendant Holm stated:

> During B-Block lunch line, I told prisoner Jackson, from 3-feet away to let me see his lunch tray. Jackson looked directly at me and went and sat down at a table. After B-Block lunch line was done, I went over to where Jackson was sitting and asked Jackson whey he wouldn't let me see his tray. Jackson told me, "to get the fuck on and

> leave me the fuck alone" at no time did Jackson comply with my
> order to see his lunch tray. Jackson [identified] by daily contact and
> B-Block master count sheet.

(Plaintiff's complaint, ¶ 37.) Plaintiff was found guilty of the misconduct on October 10, 2006. On October 16, 2006, Plaintiff was fired from his food service job because of the misconduct conviction.

Plaintiff alleges that on August 12, 2008, he asked Defendant Lacount to be given a job assignment in food services. On August 19, 2008, Defendant Lacount told Plaintiff that Defendant Wallis had refused to allow Plaintiff to get a job assignment in food service. When Plaintiff asked about the reason for this refusal, he was told that it was because he had been fired from his job in food service in 2006. Plaintiff claims that between April of 2005 and August of 2008 at least five other prisoners who had various prior misconduct tickets were assigned jobs in food service by Defendant Wallis after they completed their 120 days off work assignment as required by policy. Plaintiff seeks damages.

    II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Holm sexually harassed him in violation of his constitutional rights. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand

motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Other courts have held that even minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

       If true, Defendant Holm's conduct toward Plaintiff was reprehensible, but it does not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that Defendant Holm ever touched him or had form of physical contact with him. Acts of verbal sexual harassment,

standing alone, are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2. Therefore, Plaintiff's allegation fails to state an Eighth Amendment claim against Defendant Holm.

Plaintiff asserts that his equal protection rights were violated when Defendants Lacount and Wallis denied him a job assignment in food service when other prisoners who had a history of misconduct tickets were granted food service job assignments. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to deny Plaintiff a job assignment in food service need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). As noted above, the stated reason for denying Plaintiff's request for a job in food service was because he had been fired from such a job for insolence and disobeying a direct order. The court concludes that this reason appears to be rationally related to the smooth functioning of food service, as well as the security of that department. Therefore, the court will dismiss Plaintiff's equal protection claims.

Furthermore, Plaintiff has failed to allege a violation of his constitutional right of due process under the Fourteenth Amendment. Plaintiff alleges that the Defendants' conduct was obdurate and wanton and resulted in the termination of Plaintiff's job assignment, as well as the refusal to later give him a job in food service. Even assuming that what Plaintiff says is true, Plaintiff has not stated a viable due process claim.

> Procedural due process claims require resolution of two questions:
>
> [T]he first asks whether there exists a liberty or property interest which has been interfered with by the State, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972); the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. *Hewitt v. Helms*, 459 U.S. at 472.

*Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Generally speaking, one determines whether a protected interest exists by determining whether the individual claiming it has a legitimate claim of entitlement to it. *Id.* at 460. The interest here at issue is whether Plaintiff, a prisoner, had an entitlement to continued prison employment in the absence of just cause for discharge. Plaintiff has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980).

Nor does state law create such an entitlement. Michigan's statutes and regulations give prison authorities complete discretion regarding programming assignments of prisoners. Michigan does not have statutes or administrative rules restricting the discretion of its prison administrators concerning such decisions. Under Michigan Department of Corrections regulations,

prison authorities retain broad discretion regarding the assignment of prisoners to rehabilitative programs and work assignments. *See* MDOC Policy Directives 05.01.100 (effective Jan. 1, 2001), 05.02.110 (effective Feb. 25, 2008) and 05.02.112 (effective Apr. 7, 2003).

Accordingly, since Plaintiff had no entitlement or liberty interest to his job assignment, the Due Process Clause was not implicated by Plaintiff's termination, with or without cause.

Plaintiff claims that Defendants Wallis and Lacount violated his right to be free from retaliation when they denied his request for a job assignment in food service in 2008. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete, relevant particulars" fail to raise a

genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation with regard to Defendants Wallis and Lacount. He has not presented any facts to support his conclusion that Defendants Wallis and Lacount were motivated by a desire to retaliate against Plaintiff. Accordingly, his speculative allegation fails to state a claim against Defendants Wallis and Lacount.

Finally, the court notes that Plaintiff's retaliation claim against Defendant Holm does not appear to be frivolous and may not be dismissed upon initial review.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Wallis and Lacount will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Holm as to Plaintiff's retaliation claim.

An Order consistent with this Opinion will be entered.


Dated:        8/4/09                    */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE