UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | |
|---|---|
| JOELY E. JACKSON #220082, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-cv-98 |
| ) | |
| v. ) | Honorable R. Allan Edgar |
| ) | |
| BOB HOLM, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| ) | |

**I. Facts**

Plaintiff Joely E. Jackson, an inmate currently confined at the Alger Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include Robert Holm, Food Service Leader, Jim Wallis, Level V Classification Director, and Chad LaCount, Assistant Resident Unit Supervisor, all of whom are employed at Marquette Branch Prison (MBP).

Plaintiff's amended complaint alleges that Defendant Holm violated his First and Eighth Amendment rights by sexually harassing the Plaintiff and then retaliating against him by filing a false misconduct report. Plaintiff also made Fourteenth Amendment Equal Protection Clause claims against Defendants Wallis and LaCount that were later dismissed by this Court for failure to state a claim (Docket #8). Plaintiff alleges that these claims arose from events occurring during the time he was incarcerated at MBP.

Plaintiff alleges in May of 2006, Plaintiff was confined at MBP and had a job in food services. Plaintiff states that on October 2, 2006, he was eating his meal with the other inmates, which consisted of hot dogs. When Plaintiff walked through the line, Defendant Holm stated,

"Jackson you can swallow those dogs whole can't you?" Plaintiff responded that Defendant Holm's comment constituted sexual harassment. Defendant Holm told Plaintiff that he was only joking, and warned Plaintiff that if he wished to keep his job, he would stop the "sexual harassment bullshit." Defendant Holm later attempted to convince Plaintiff not to file a grievance, stating again that he had just been joking. Plaintiff responded that he was writing the grievance. Defendant Holm then instructed Plaintiff to empty his pockets and escorted Plaintiff back to the kitchen, where he notified the Corrections Officer that he was sending Plaintiff back to his cell with a misconduct ticket. Defendant Holm then ordered that Plaintiff was to be laid off his job pending the decision on the misconduct ticket for disobeying a direct order and insolence.

> In the misconduct report, Defendant Holm stated:
>
> During B-Block lunch line, I told prisoner Jackson, from 3-feet away to let me see his lunch tray. Jackson looked directly at me and went and sat down at a table. After B-Block lunch line was done, I went over to where Jackson was sitting and asked Jackson whey he wouldn't let me see his tray. Jackson told me, "to get the fuck on and leave me the fuck alone" at no time did Jackson comply with my order to see his lunch tray. Jackson [identified] by daily contact and B-Block master count sheet.

(Plaintiff's complaint, ¶ 37.) Plaintiff was found guilty of the misconduct on October 10, 2006. On October 16, 2006, Plaintiff was fired from his food service job because of the misconduct conviction.

Plaintiff alleges that on August 12, 2008, he asked Defendant Lacount to be given a job assignment in food services. On August 19, 2008, Defendant Lacount told Plaintiff that Defendant Wallis had refused to allow Plaintiff to get a job assignment in food service. When Plaintiff asked about the reason for this refusal, he was told that it was because he had been fired from his job in food service in 2006. Plaintiff claims that between April of 2005 and August of 2008 at least five other prisoners who had various prior misconduct tickets were assigned jobs in food service

by Defendant Wallis after they completed their 120 days off work assignment as required by policy. Plaintiff seeks damages.

## II. Analysis

### A. Standard of Review

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v.*

*Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

**B. Heck / Edwards**

Defendant Holm contends that he is entitled to summary judgment pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In *Thomas v. Eby*, 481 F.3d 434, the Sixth Circuit held that Michigan's disciplinary credit system applicable to prisoners whose crime was committed after April 1, 1987 was not equivalent to the system at issue in *Edwards v. Balisok*, 520 U.S. 641 (1997). Because the disciplinary credit system does not necessarily result in an earlier release, only the possibility of an earlier release, the *Eby* court held that the *Heck/Edwards* exception did not bar a prisoner's challenge under § 1983. In this case, Plaintiff was convicted and sentenced in 1991. (*See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=220082.) Therefore, Defendant Holm's claim regarding the *Heck/Edwards* exception lacks merit.

**C. Retaliation**

Defendant claims that he is entitled to summary judgment on the retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged

retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant claims that Plaintiff cannot show that an adverse action was taken against him. However, the issuance of a misconduct ticket constitutes an adverse action. Defendant further states that Plaintiff has failed to show that the adverse action was motivated by a desire to retaliate against Plaintiff. However, Plaintiff specifically alleged that Defendant attempted to convince Plaintiff not to file a grievance just prior to writing the misconduct ticket on him. Defendant offers a copy of the hearing record as support for his claim of summary judgment. According to the hearing report, Plaintiff pleaded not guilty and stated that video evidence would exonerate him. The hearing officer viewed the video outside Plaintiff's presence. The disobeying a direct order charge was subsequently dismissed, but Plaintiff was found guilty of insolence. In the reasons for finding, the hearing officer stated:

> The video showed the reporter and prisoner were talking while the prisoner was in lunch line. The report indicated that the two of them were about three feet apart and that the steward said to the prisoner to let him see the lunch tray. From the video it appears as though the reporter can see the lunch tray. Exactly what the reporter wanted the prisoner to do is not clear from the report. To be valid and reasonable there must be no doubt as to what behavior is expected. Here it is not clear what the reporter wanted the prisoner to do.
>
> As to the charge of insolence, I find that the prisoner is guilty. I do not find likely as the prisoner now says, that the comments - prisoner or staff - were in jest. The prisoner is upset with the reporter who he thought had made sexual references according to his oral statement at hearing. The prisoner told the reporter to get the fuck on and leave me the fuck alone. These comments were intended to harass, upset and annoy the reporter. They were disrespectful to the reporter and to his position.

(Defendants Exhibit 1, Attachment B.)

The court notes that a "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *See Jackson v. Madery,* 158 F. App'x 656, 662 (6th Cir. 2005) (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994). However, as noted above, Plaintiff was not found guilty of the disobeying a direct order misconduct because video evidence supported Plaintiff's version of events. Therefore, the court concludes that there is a genuine issue of material fact with regard to Plaintiff's retaliation claim, so that Defendant is not entitled to summary judgment.

### D. Qualified Immunity

Finally, Defendant moves for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

The court notes that the ambit of a prisoner's rights to free speech and to petition the state for redress of grievances must be measured with regard to the legitimate needs of the institution. *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996) (citing *Wolfel v. Bates*, 707 F.2d 932, 933 (6th Cir. 1983)). Where there is a genuine issue of material fact as to whether a defendant's conduct was

motivated by the desire to retaliate for the plaintiff's action in filing grievances, the defendant is not entitled to qualified immunity.

### III. Conclusion

In light of the foregoing, the court concludes that Plaintiff has sustained his burden of proof in response to Defendant's motion for summary judgment. Accordingly, Defendant's Motion for Summary Judgment (Docket #14) be denied and that this case be dismissed in part / in its entirety.

An Order consistent with this Opinion will be entered.


Dated:     8/5/2010                         /s/ R. Allan Edgar
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE